**Wayne CARTER, Plaintiff–Appellant,**

v.

**J.D. VANDERCOOK, Sheriff; Bob Barker, Chief Deputy; Sonya Troutt, Jail Administrator; Captain Doug Carver; Nurse Ann Haymaker; Ray Whitley, Defendants–Appellees.**

No. 02–5701.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

### ORDER

Wayne Carter, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 12, 2000, Carter filed a complaint against the Sumner County, Tennessee, Jail ("SCJ"). Sumner County Sheriff J.D. Vandercook, SCJ Chief Deputy Bob Barker, SCJ Administrator Sonya Troutt, SCJ Captain Doug Carver, SCJ Nurse Ann Haymaker, and Sumner County District Attorney General Ray Whitley. Carter alleged that during his incarceration at the SCJ, he stepped into an open drain hole and injured his right knee. Relying upon the Eighth Amendment, Carter alleged that the defendants denied him proper medical care, subjected him to unconstitutional conditions of confinement, and inflicted severe pain upon him following the incident. Carter sought monetary relief and immediate release from confinement. He is no longer incarcerated at the SCJ.

A magistrate judge filed a report recommending dismissal of the complaint as frivolous. Over Carter's objections, the district court adopted the magistrate judge's report and dismissed the complaint as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Carter's motions to alter or amend the judgment, which the district court construed as Fed.R.Civ.P. 60(b) motions for relief from judgment,

were subsequently denied. Carter now appeals.

We review de novo a judgment dismissing a suit as frivolous under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ Upon review, we conclude that Carter's complaint should not have been dismissed as frivolous pursuant to § 1915(e)(2)(B)(i) because his Eighth Amendment claims are not "indisputably meritless" and "could conceivably implicate Eighth Amendment concerns." *See Brown,* 207 F.3d at 866. Instead, Carter's complaint should have been dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 867.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). An Eighth Amendment claim contains both an objective and a subjective component. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct.

2392, 69 L.Ed.2d 59 (1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson,* 501 U.S. at 298–99. Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Farmer,* 511 U.S. at 835–36.

■ Carter's complaint failed to allege facts that, if proven, would rise to the level of the serious deprivation and deliberate indifference required to support an Eighth Amendment claim. With respect to his improper medical care allegations, Carter did not allege that any of the defendants were deliberately indifferent to his serious medical needs. Instead, Carter's complaint, at most, alleged negligence and his disagreement with the medical treatment that he received during his incarceration at the SCJ, which are insufficient to state an Eighth Amendment claim. *See Estelle,* 429 U.S. at 106. Furthermore, to the extent that Carter asserted an Eighth Amendment claim based upon an alleged delay in medical treatment, his claim fails as he did not allege, much less provide verifying medical evidence to establish, the detrimental effect of the delay. *See Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001).

■ With respect to his unconstitutional conditions of confinement and infliction of severe pain allegations. Carter failed to allege that he was subjected to a substantial risk of serious harm and that the defendants were deliberately indifferent to his serious needs. Under these circumstances, Carter's complaint, al-

though not frivolous, failed to state an Eighth Amendment claim for cruel and unusual punishment. We may affirm the district court's order "on any grounds supported by the record." *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994); *see also Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.